UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| WILLIAM MOORE-BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:05-cv-599-RLY-TAB |
| | ) | |
| ZETTIE COTTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Defendant Riegner's Motion to Dismiss**

A complaint may be dismissed under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Accordingly, a complaint's ability to survive a Rule 12(b)(6) challenge inevitably turns on its ability to satisfy Rule 8 of the *Federal Rules of Civil Procedure*--the general rules of pleading a claim for relief. Under Federal Rule of Civil Procedure 8(a)(2), plaintiff's complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This "short and plain statement," with irrelevant exceptions, requires the plaintiff to plead merely "the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer," *Higgs v. Carver,* 286 F.3d 437, 439 (7th Cir. 2002), and not an exhaustive recitation of the facts or elements of that claim, *Walker v. Thompson,* 288 F.3d 1005, 1007 (7th Cir. 2002). Indeed, "[a] complaint should be dismissed for failure to state a claim only if no relief could be granted under any set of facts that could be proved consistent with the allegations." *DeWalt v. Carter,* 224 F.3d 607, 612 (7th Cir.2000) (internal quotations omitted); *see also Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984) (finding dismissal under Rule 12(b)(6) proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations"); *Sanville v. McCaughtry,* 266 F.3d 724, 732 (7th Cir. 2001) ("[I]f it is possible to hypothesize a set of facts, consistent with the complaint, that would entitle the plaintiff to relief, dismissal under Rule 12(b)(6) is inappropriate." (quoting *Veazey v. Communications & Cable of Chi., Inc.,* 194 F.3d 850, 854 (7th Cir. 1999))).

Applying the foregoing standard, defendant Riegner's motion to dismiss for failure to state a claim upon which relief can be granted is **granted in part and denied in part.** The motion is **granted** insofar as the plaintiff asserts any claim based on the doctrine of *respondeat superior*, *Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001) (discussing the requirement of a defendant's personal responsibility to support a viable claim under § 1983 and quoting the requirement of *Farmer v. Brennan,* 511 U.S. 825, 843-44 (1994), that

an official be aware of facts supporting inference of substantial risk of harm and that he actually draw the inference), and is **denied** insofar as Dr. Riegner is alleged to have acted with deliberate indifference to the plaintiff's serious medical needs when refusing to approve an MRI to further diagnose a back injury alleged to have been suffered by the plaintiff and insofar as the plaintiff asserts a claim under Indiana tort law against Dr. Riegner.[1]

No partial final judgment shall issue at this time as to the partial dismissal of the plaintiff's claims against Dr. Riegner.

**IT IS SO ORDERED.**

Date:  08/08/2005

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Copies to:

William Moore, DOC #861003, Miami Correctional Facility, P.O. Box 900,
    Bunker Hill, IN   46914
David Douglas Becsey, ZEIGLER COHEN & KOCH, dbecsey@zcklaw.com
Andrew Ryzard Bloch, ZEIGLER COHEN & KOCH, abloch@zcklaw.com
Todd Weaver, Office of the Indiana Attorney General, Indiana Government Center South,
    Fifth Floor, 402 West Washington Street, Indianapolis, IN 46204-2770

---

[1] It is not improper for the court to have considered the factual allegations made in the plaintiff's response to the motion to dismiss. *Anthony v. Runyon,* 76 F.3d 210, 214 (8th Cir.1996) (district court erred in not considering new allegations in response to motion to dismiss "simply because they contradicted the [plaintiffs'] earlier allegations or because they did not come in the form of an amended complaint"); *Early v. Bankers Life & Casualty Co.,* 959 F.2d 75, 79 (7th Cir. 1992) (noting that "a plaintiff is free, in defending against a motion to dismiss, to allege without evidentiary support any facts he pleases that are consistent with the complaint, in order to show that there is a state of facts within the scope of the complaint that if proved (a matter for trial) would entitle him to judgment")(citing *Orthmann v. Apple River Campground, Inc.,* 757 F.2d 909, 915 (7th Cir. 1985)).