UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| WILLIAM MOORE-BEY, )<br>)<br>    Plaintiff, )<br>  v. )<br>)<br>ZETTIE COTTON, et al., )<br>)<br>    Defendants. ) | No. 1:05-cv-599-RLY-TAB |

**Entry Discussing Motion to Dismiss of Defendants Cotton and Sargent**

William Moore-Bey is incarcerated at the Miami Correctional Facility, an Indiana prison. Moore-Bey asserts claims under federal law and under state law in this action against a medley of defendants, including Officer Sargent, Officer Sczney, and Superintendent Cotton. Only claims under state law are asserted against defendants Sargent, Sczney and Cotton. These claims relate directly or indirectly to an automobile accident which occurred on March 7, 2003, and are that (1) on that date Officer Sargent intentionally and negligently breached the duty he owed to Moore-Bey to take precautions reasonable under the circumstances to preserve Moore-Bey's life, health, and safety, when Sargent failed to fasten Moore-Bey's seatbelt, and (2) Superintendent Cotton breached her duty of reasonable care to Moore-Bey by negligently failing to train and supervise defendants Sargent and Sczney, which proximately caused the injuries Moore-Bey allegedly received as a result of the March 7, 2003, accident.

Defendants Sargent and Cotton have responded to the complaint through their motion to dismiss for failure to state a claim upon which relief can be granted. Their argument is that Moore-Bey's complaint, which was removed to this court from an Indiana state court, was not timely filed as to claims asserted against them.

A complaint may be dismissed under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Accordingly, a complaint's ability to survive a Rule 12(b)(6) challenge inevitably turns on its ability to satisfy Rule 8 of the *Federal Rules of Civil Procedure*--the general rules of pleading a claim for relief. Under Federal Rule of Civil Procedure 8(a)(2), plaintiff's complaint need only contain "a short and plain statement of

the claim showing that the pleader is entitled to relief." This "short and plain statement," with irrelevant exceptions, requires the plaintiff to plead merely "the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer," *Higgs v. Carver,* 286 F.3d 437, 439 (7th Cir. 2002), and not an exhaustive recitation of the facts or elements of that claim, *Walker v. Thompson,* 288 F.3d 1005, 1007 (7th Cir. 2002). Indeed, "[a] complaint should be dismissed for failure to state a claim only if no relief could be granted under any set of facts that could be proved consistent with the allegations." *DeWalt v. Carter,* 224 F.3d 607, 612 (7th Cir.2000) (internal quotations omitted); *see also Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984) (finding dismissal under Rule 12(b)(6) proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations"); *Sanville v. McCaughtry,* 266 F.3d 724, 732 (7th Cir. 2001) ("[I]f it is possible to hypothesize a set of facts, consistent with the complaint, that would entitle the plaintiff to relief, dismissal under Rule 12(b)(6) is inappropriate." (quoting *Veazey v. Communications & Cable of Chi., Inc.,* 194 F.3d 850, 854 (7th Cir. 1999))).

The expiration of the statute of limitations is an affirmative defense which, in general, a party asserting a claim need not anticipate. See, e.g., *United States Gypsum Co. v. Indiana Gas Co.,* 350 F.3d 623, 626 (7th Cir. 2003); *Leavell v. Kieffer,* 189 F.3d 492, 494 (7th Cir. 1999). It follows, of course, that the statute of limitations is rarely appropriate as a basis for a Rule 12(b)(6) dismissal. *See Foss v. Bear, Stearns & Co., Inc.,* 394 F.3d 540, 542 (7th Cir. 2005) ("Unless the complaint alleges facts that create an ironclad defense, a limitations argument must await factual development.").

The defendants (Sargent and Cotton) argue that Moore-Bey was required to file this action within two years after March 7, 2003, and that he did not do so. They argue, further, that he did not file his complaint until April 5, 2005, which was more than two years after the date his cause of action accrued. However, Moore-Bey has opposed the motion to dismiss with material outside the record. The court has not converted the motion to dismiss into a motion for summary judgment. It is possible to conclude, however, based on the plaintiff's response to the motion to dismiss, that he "filed" his complaint in this case in the sense contemplated by *Edwards v. United States,* 266 F.3d 756, 758 (7th Cir. 2001), through application of the prison mailbox filing rule, before the expiration of the 2-year statute of limitations. Because this possibility cannot be excluded from the complaint itself, the motion to dismiss filed by defendants Sargent and Cotton must be **denied.**

**IT IS SO ORDERED.**

Date: 03/06/2006

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distribution:

William Moore, DOC #861003, Miami Correctional Facility, P.O. Box 900,
    Bunker Hill, IN   46914
David Douglas Becsey, ZEIGLER COHEN & KOCH, dbecsey@zcklaw.com
Andrew Ryzard Bloch, ZEIGLER COHEN & KOCH, abloch@zcklaw.com
Todd A. Weaver, INDIANA STATE ATTORNEY GENERAL, tweaver@atg.state.in.us