UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| WILLIAM MOORE-BEY, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>ZETTIE COTTON, et al., )<br>)<br>Defendants. ) | No. 1:05-cv-599-RLY-TAB |

**Entry Discussing Motions for Summary Judgment**

For the reasons explained in this Entry, the defendants' motions for summary judgment must be **granted.**

**I. Background**

**A. Parties and Claims**

William Moore-Bey ("Moore-Bey") was confined for a period of time at the Pendleton Correctional Facility ("PCF"), a prison operated by the Indiana Department of Correction ("DOC"). Moore-Bey commenced this action in an Indiana state court alleging the violation of his rights under both federal and state law in connection with an automobile incident and with the treatment or non-treatment of injuries he claims to have suffered in that incident. The defendants in this action are PCF then-Superintendent Zettie Cotton, other DOC personnel at the PCF, and physicians Malak Gadalla Hermina ("Dr. Hermina") and Eke Kalu ("Dr. Kalu"). Dr. Hermina and Dr. Kalu, in this Entry, are referred to as "the medical defendants." Defendants Cotton, Sargent, Sczney, and Jackson are referred to in this Entry as "the DOC" defendants.

Moore-Bey alleges that he was injured on March 7, 2003, while being transported in a DOC van when that van came to an abrupt stop in order to avoid hitting another vehicle which had pulled out in front of the van. Moore-Bey was in restraints, but was not in a seat belt, and claims to have suffered injuries from a "whiplash" effect of the van coming to an abrupt stop. This lawsuit asserts claims directly or indirectly arising from that incident. Moore-Bey claims to have suffered injuries as a result of the incident. He also claims that he was denied adequate medical care for those injuries. On or about January 21, 2004, Moore-Bey was transferred to another DOC facility.

Only claims under state law are asserted against the DOC defendants. Federal and state law claims are asserted against the medical defendants. Federal and state law claims against another defendant, Dr. Rieger, have been resolved through a prior ruling.

### B. Summary Judgment Standard

"Summary judgment is appropriate where the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Westra v. Credit Control of Pinellas,* 409 F.3d 825, 827 (7th Cir. 2005) (quoting Rule 56(c) of the *Federal Rules of Civil Procedure*). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.*

Initially, the burden of production is upon the moving party to identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes to demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986) (quoting Fed.R.Civ.P. 56(c)). "[T]he burden on the moving party may be discharged by 'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. "Once the moving party satisfies this burden, the nonmovant must 'set forth specific facts showing that there is a genuine issue for trial.'" *Vitug v. Multistate Tax Comm'n,* 88 F.3d 506, 512 (7th Cir. 1996) (quoting Fed.R.Civ.P. 56(e)). If "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," the nonmovant has not demonstrated a dispute of material fact exists. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (citation omitted).

## II. Discussion

### A. Federal Claim

Moore-Bey's claims against the medical defendants include a claim asserted pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege (1) that he was deprived of a right secured by the Constitution or laws of the United States and (2) that the deprivation was caused by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155-56 (1978). "The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole,* 112 S. Ct. 1827, 1830 (1992).

Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred." *Ledford v. Sullivan,* 105 F.3d 354, 356 (7th Cir. 1997) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Accordingly, "the first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver,* 510 U.S. 266, 271 (1994).

The Eighth Amendment to the United States Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." This provision applies to the states through the Fourteenth Amendment. *See Estelle v. Gamble,* 429 U.S. 97, 101-02 (1976) (citing *Robinson v. California,* 370 U.S. 660 (1962)). Thus, the constitutional provision implicated by Moore-Bey's allegations against the medical defendants (insofar as is the Eighth Amendment's proscription against the imposition of cruel and unusual punishments. *Helling v. McKinney*, 113 S. Ct. 2475, 2480 (1993), for "[i]t is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.").

Pursuant to the Eighth Amendment, prison officials have a duty to "provide humane conditions of confinement; . . . [to] ensure that inmates receive adequate food, clothing, shelter and medical care, and [to] 'take reasonable measures to guarantee the safety of the inmates[.]'" *Farmer v. Brennan,* 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer,* 468 U.S. 517, 526-27 (1984)). In the context of medical care, to prevail on a deliberate indifference claim, a prisoner must demonstrate that he suffered from an objectively serious medical condition and that the defendants knew of and disregarded his needs. *Gil v. Reed,* 381 F.3d 649, 661 (7th Cir. 2004). An inmate is not entitled to demand specific care, nor is he entitled to the best care available. *Forbes v. Edgar,* 112 F.3d 262, 267 (7th Cir. 1997).

The background of Moore-Bey's federal claim against the medical defendants has already been recited. The evidentiary record further shows that Moore-Bey was seen by a nurse (defendant Jackson) at the PCF when he returned from the trip to Wishard Hospital on March 7, 2003. Moore-Bey recited his symptoms. Jackson supplied him with an ice pack and with motrin, and also told Moore-Bey to fill out a healthcare request form the following day if his discomfort continued. That is what occurred. Moore-Bey was seen and examined by Dr. Hermina on March 25, 2003. Moore-Bey complained of neck pain and lower back pain. There was no obvious neurological damage, no evidence of bruising, no obvious signs of fracture. Dr. Hermina arranged for physical therapy to be provided to Moore-Bey and also prescribed an anti-inflammatory medication for back pain. On March 26, 2003, Moore-Bey submitted another healthcare request form. A nurse instructed him to follow Dr. Hermina's instructions from the preceding day. In the following weeks, Moore-Bey continued to see medical staff at the PCF, attended physical therapy for his back and neck pain, reported improvement in that pain, and underwent additional diagnostic procedures (which revealed no new findings). The physical therapy sessions continued through August 2003. In September 2003, Moore-Bey claimed that he had experienced no improvement and asked to see a specialist.

In early November 2003, Dr. Kalu disapproved Dr. Hermina's recommendation for off-site evaluation of Moore-Bey's back and neck pain. Instead, Dr. Kalu authorized another round of physical therapy at the PCF. Dr. Hermina made arrangements for this. Another physical therapy session was conducted on December 16, 2003. As already noted, Moore-Bey was then transferred to another DOC facility one month later, on January 21, 2004.

A court examines the totality of an inmate's medical care when determining whether defendants have been deliberately indifferent to an inmate's serious medical needs. *Reed*

*v. McBride,* 178 F.3d 849, 855 (7th Cir. 1999). It is well-settled that while incarcerated, an inmate is not entitled to the best possible care or to receive particular treatment of his choice. *See Forbes v. Edgar,* 112 F.3d 262, 267 (7th Cir. 1997). Negligence, even gross negligence, is insufficient to establish deliberate indifference under the Eighth Amendment. *See Farmer,* 511 U.S. at 835; *Mathis v. Fairman,* 120 F.3d 88, 92 (7th Cir. 1997); *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996). Mere disagreement over the course of treatment does not establish an Eighth Amendment violation. *Garvin v. Armstrong,* 236 F.3d 896, 898 (7th Cir. 2001). Questions of whether diagnostic techniques or forms of treatment are warranted is a "classic example of a matter for medical judgment." *Estate of Cole by Pardue v. Fromm,* 94 F.3d 254, 261 (7th Cir. 1996) (quoting *Estelle v. Gamble,* 429 U.S. 97, 107 (1976)). Moore-Bey was "entitled to reasonable measures to meet a substantial risk of serious harm." *Forbes*, 112 F.3d at 267. He certainly received that from the medical defendants at the PCF, and because he was not entitled to more there was no violation of his Eighth Amendment right to be free from cruel and unusual punishment. The medical defendants, of course, are not responsible for the medical judgments of others, including those at the DOC facility where Moore-Bey is presently confined. *See Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001) (discussing the requirement of a defendant's personal responsibility to support a viable claim under § 1983).

"Federal courts must take cognizance of the valid constitutional claims of prison inmates." *Babcock v. White,* 102 F.3d 267, 275 (7th Cir. 1996) (quoting *Turner v. Safley,* 482 U.S. 78, 84 (1987)). The evidentiary record in this case does not support the existence of such a claim against the medical defendants. On the basis of the foregoing, therefore, Moore-Bey is not entitled to proceed further with his claim against the medical defendants.[1]

### B. State Law Claims

As noted, Moore-Bey also asserts claims under Indiana state law. When a district court dismisses the claims over which it had original jurisdiction, it has discretion either to retain jurisdiction over the supplemental claims or to dismiss them. 28 U.S.C. § 1367(c)(3); *Kennedy v. Schoenberg, Fisher & Newman, Ltd.,* 140 F.3d 716, 717 (7th Cir.), *cert. denied,* 119 S. Ct. 167 (1998); *Wright v. Associated Insurance Cos., Inc.,* 29 F.3d 1244, 1250 (7th Cir. 1994). The general rule under these circumstances is to dismiss the pendent state law claims. *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 n.7 (1988). However, the retention of jurisdiction over the pendent state law claims is permissible under 28 U.S.C. § 1367(a). The retention of such jurisdiction is appropriate in this case. *Lawrence v. Kenosha County,* 391 F.3d 837, 844 (7th Cir. 2004).

The defendants have argued that the state law claims are not viable. The court agrees.

- As to the claim of negligence (or malpractice) against the medical defendants, the elements of medical malpractice in Indiana are these: 1) the physician owed a duty to the plaintiff; 2) the physician breached that duty; and 3) the breach

---

[1]Moore-Bey's request for any correction in connection with the exhibits (AA through LL) he submitted in support of his opposition to the motion for summary judgment is **granted.**

proximately caused the plaintiff's injuries. *Mayhue v. Sparkman,* 653 N.E.2d 1384, 1386 (Ind. 1995). The term "proximate cause" refers to "that cause which sets in motion the chain of circumstances leading up to the damage and has been defined as that cause which, in natural and continuous sequence, unbroken by any efficient intervening cause, produces the result complained of and without which the result would not have occurred." *Honey Creek Corp. v. WNC Dev. Co.,* 331 N.E.2d 452, 456 (Ind.Ct.App. 1975) (citations omitted). The same circumstances which defeat Moore-Bey's Eighth Amendment claim against the medical defendants defeat the pendent claim under state law against these defendants. That is, the medical defendants exercised reasonable medical judgment and in doing so did not breach any duty owed to Moore-Bey. Thus, the medical defendants are entitled to summary judgment as to the claim under Indiana state law.

- As to the claim of negligence against the DOC defendants, the Indiana Tort Claims Act ("ITCA")

> governs lawsuits against political subdivisions and their employees. Among other things the statute provides substantial immunity for conduct within the scope of the employee's employment. See I.C. § 34-13-3-3 (setting forth twenty-two separate categories for which immunity attaches). Immunity assumes negligence but denies liability. The purpose of immunity is to ensure that public employees can exercise their independent judgment necessary to carry out their duties without threat of harassment by litigation or threats of litigation over decisions made within the scope of their employment.

*Bushong v. Williamson,* 790 N.E.2d 467, 472 (Ind. 2003) (some citations and quotation marks omitted). A specific provision of the ITCA, IND. CODE § 34-13-3-5(b), is to be understood as standing for the proposition that a plaintiff cannot sue a governmental employee personally if the complaint, on its face, alleges that the employee's acts leading to the claim occurred within the scope of his employment. *Id.* at 471. There is no question in this case that each of the DOC defendants described in the complaint, as well as in the evidentiary materials relating to the motion for summary judgment filed by defendants Cotton and Sergeant, was acting within the scope of his or her employment by the DOC in relation to the events described in the complaint. Accordingly, the DOC defendants are entitled to immunity under Indiana law for the torts attributed to them in the complaint.[2]

---

[2] Of the DOC defendants, only Cotton and Sergeant have appeared in this action. Of the DOC defendants, the motion for summary judgment has been filed by these defendants. However, the arguments therein are equally applicable to the claims against defendants Sczney and Jackson. The claims against defendants Sczney and Jackson are thus resolved through the motion for summary judgment filed by Cotton and Sergeant. *See Malak v. Associated Physicians, Inc.,* 784 F.2d 277, 280 (7th Cir. 1986) ("Where one defendant files a motion for summary judgment which the court grants, the district court may *sua sponte* enter summary judgment in favor of additional non-moving defendants if the motion raised by the first defendant is equally effective in barring the claim against the other defendants and the plaintiff had an adequate opportunity to argue in opposition to the motion.").

The defendants are entitled to the entry of summary judgment as to the pendent claims under Indiana state law.

### III. Conclusion

Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and in which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party can satisfy the burden of showing the absence of a genuine question of material fact in two ways: (1) by presenting evidence that negates an essential element of the non-moving party's case or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See id.* at 322-23. The defendants have met that burden in this case by each of these methods. Accordingly, their motion for summary judgment is **granted,** and judgment consistent with this Entry and with the Entry of April 27, 2006, shall now issue.

**IT IS SO ORDERED.**

Date: 08/28/2006

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana